**ORIGINAL**   **FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAY 17 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

RICHARD L. LLOYD, #214426,

        Petitioner,             Case No.: 96-CV-75127-DT

                                   HON. DENISE PAGE HOOD
vs.                             MAG. JUDGE WALLACE CAPEL, JR.

DAVID TRIPPETT,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 26, 1996, Petitioner filed a Petition for a Writ of Habeas Corpus which was denied on the merits by the Court on March 6, 1998. The Court also denied Petitioner's March 24, 1998, Motion for Certificate of Appealability, on April 29, 1998.

On February 23, 2004, Petitioner filed a Rule 60(b) Motion for Relief From Judgment, requesting the Court to vacate it's order denying his Petition for Writ of Habeas Corpus.

On September 27, 2004, the Court entered an order holding in abeyance Petitioner's Motion for Relief From Judgment, pending the Sixth Circuit's decisions in In re Abdur'Rahman v. Bell, 332 F.3d 960 (6th Cir. 2003) and Cooey v. Bradshaw, 338 F.3d 615 (6th Cir. 2003).

Currently pending before the Court is Petitioner's February 1, 2005, Motion to Reopen His Rule 60(b) Motion for Relief From Judgment.

For the reasons stated below, I construe Petitioner's Motion as a second or successive petition for habeas relief which must be transferred to the United States Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## II. LAW

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ["AEDPA"] of 1996 was enacted. Among other things, the AEDPA amended 28 U.S.C. § 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the Court of Appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. Id. at 971; *see also* In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the Court of Appeals a screening function which the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

2

## III. ANALYSIS

Petitioner's Motion for Relief From Judgment is the equivalent of a second or successive habeas petition and must, therefore, be transferred to the Sixth Circuit for a certificate of authorization, pursuant to § 2244(b)(3)(A).

In re Abdur'Rahman presented the court with the issue of whether and to what extent the availability of Rule 60(b) is restricted by the limits imposed on the filing of second or successive habeas petitions by the AEDPA. In re Abdur' Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004). The court ruled that when a petitioner presents a direct challenge to the constitutionality of the underlying conviction, the petition should be treated as a second or successive habeas petition. But, if there is no such direct challenge and the petitioner instead challenges the integrity of the district court opinion for one of the reasons provided in Rule 60(b), the district court must treat the motion as one pursuant to Rule 60(b). Specifically, the court held "that a Rule 60(b) motion should be treated as a second or successive habeas petition only if the factual predicate in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. In cases which the factual predicate in support of the motion attacks the manner in which the earlier habeas judgment was procured and is based on one or more of the ground enumerated in Rule 60(b), the motion should be adjudicated pursuant to Rule 60(b)." Id. at 176. *See also* Alley v. Bell, 392 F.3d 822 (6th Cir. 2004); Smith v. Anderson, 402 F.3d 718 (6th Cir. 2005).

In the present case, Petitioner is clearly attacking the constitutionality of his conviction. Petitioner contends that the Magistrate Judge's conclusion that Mrs. Lloyd's statement in Petitioner's

3

trial was not a denial of his Sixth Amendment right to confrontation is wrong.[1] Plaintiff's Motion is a direct challenge to the constitutionality of the underlying conviction and thus, must be treated as a second or successive habeas petition.

## IV.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Petitioner's Motion to Reopen His Rule 60(b) Motion for Relief From Judgment be transferred to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

---

[1] Petitioner's February 23, 2004, "Rule 60(b) Motion for Relief From Judgment," pages 2-3.

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: __MAY 17 2005__

**ORIGINAL**

**FILED**
MAY 17 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

### CERTIFICATION OF SERVICE

UNITED STATES OF AMERICA )     CASE NO.: 96-CV-75127-DT
) ss
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the 17th day of May 2005, mailed copies of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(d), Fed.R.Civ.P., to the following parties:

Honorable. Denise Page Hood
United States District Judge
231 W. Lafayette, Room 251
Detroit, Michigan 48226

Richard L. Lloyd, #214426
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, Michigan 49788

Janet Van Cleve
Michigan Department of Attorney General
Habeas Corpus Division
P. O. Box 30217
Lansing, Michigan 48909-7717

Marsha Heinonen
Deputy Clerk