UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD L. LLOYD, #214426**

      **Petitioner,**

                                Case No. 96-CV-75127-DT

v.

                                HONORABLE DENISE PAGE HOOD

**DAVID TRIPPETT,**

      **Respondent.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND TRANSFERRING
MOTION TO REOPEN TO THE SIXTH CIRCUIT COURT OF APPEALS**

This matter is before the Court on Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation dated May 17, 2005. Defendant timely filed objections to the Magistrate Judge's Report and Recommendation.

Magistrate Judge Wallace Capel Jr. concluded that the Petitioner's Motion for Relief From Judgment is the equivalent of a second or successive habeas petition and must be transferred to the Sixth Circuit for a certificate of authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). The Magistrate found that Petitioner was attacking the constitutionality of his conviction by contending that the Magistrate Judge's conclusion that Mrs. Lloyd's statement in Petitioner's trial was not a denial of his Sixth Amendment right to confrontation is wrong.

**I. Standard of Review**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part,

the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Defendant was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Defendant filed timely objections to the Magistrate Judge's recommendation by placing the objections in the prison mailbox on May 27, 2005.

## II.  Applicable Law

The Court denied Petitioner's petition for a writ of habeas corpus on the merits on March 6, 1998 based upon the recommendation of United States Magistrate Judge Marc L. Goldman. Petitioner then filed a Motion for Certificate of Appealability on March 24, 1998 which the Court denied on April 29, 1998. Petitioner filed a Motion for Relief from Judgment on February 23, 2004, and a Motion to Hold in Abeyance on April 20, 2004. On September 7, 2004, the Court entered an order dismissing the Motion for Relief from Judgment without prejudice and granting Petitioner's Motion to Hold in Abeyance pending the Sixth Circuit's en banc decision in *Abdur'Rahman v. Bell*. In addition, the Court afforded Petitioner the opportunity to submit a Motion to Reopen the Motion for Relief from Judgment once the Sixth Circuit issued its decision. *In re Abdur'Rahman*, 392 F.3d 174, was decided on December 13, 2004.

On February 1, 2005, Petitioner filed a Motion to Reopen His Rule 60(b) Motion for Relief from Judgment, based on the Sixth Circuit's decision in *In re Abdur'Rahman.* The case was

referred to United States Magistrate Judge Wallace Capel, Jr. on March 2, 2005. Since the decision in *In re Abdur'Rahman* and the Magistrate Judge's Report and Recommendation, the United States Supreme Court issued *Gonzalez v. Crosby*, 125 S. Ct. 2641, and vacated the judgment of the Sixth Circuit for further consideration in light of *Gonzalez*.

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] did not expressly circumscribe the operation of Rule 60(b). *Gonzalez*, 125 S. Ct. at 2646. The new habeas restrictions introduced by AEDPA are made directly relevant, however, by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. *Id*.

Before a second or successive habeas petition is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. *Gonzalez*, 125 S. Ct. at 2646. Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. *Id*. Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions. *Id*.

### III. Analysis

The Court agrees with the Magistrate Judge that Petitioner's Motion to Reopen His Rule 60(b) Motion for Relief from Judgment be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

Petitioner relies on *In re Abdur'Rahman* to support his objection to the Magistrate Judge's contention that Petitioner's Motion for Relief from Judgment is the equivalent of a second or successive habeas petition. In that case it states:

> [T]o adopt a conceptual framework that curtails the potential for abuse while permitting Rule 60(b) motions in appropriate circumstances...we adopt the First Circuit's approach to this issue. The inquiry must proceed case by case. The [district] court must examine the factual predicate set forth in support of a particular motion. When the motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence, then the motion should be treated as a second or successive habeas petition. This situation should be distinguished from one in which the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgement denying habeas relief. That is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual confines of Rule 60(b).

*In re Abdur'Rahman*, 392 F.3d at 181.

Since *In re Abdur'Rahman* was vacated by the United States Supreme Court, the Court must look to *Gonzalez* to determine the proper standard to apply in the instant case. *Gonzalez* indicates a three step analysis. Under 28 U.S.C. § 2244(b), the first step of analysis is to determine whether a "claim presented in a second or successive habeas corpus application" was also "presented in a prior application." *Gonzalez*, 125 S. Ct. at 2647. If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. *Id*. In either event, it is clear that for purposes of § 2244(b) an "application" for habeas relief is a filing that contains one or more "claims." *Id*. That definition is consistent with the use of the term "application" in the

other habeas statutes in chapter 153 of title 28. *Id*.

In Petitioner's Motion to Reopen he stated, "...defendant was entitled to have the Writ of Habeas Corpus granted as the State Courts did apply an unreasonable application of clearly established U.S. Supreme Court precedent when they decided defendant's Sixth Amendment Confrontation Clause issue in defendant's "Appeal of Right." In Petitioner's Objections to the Magistrate's Judge's Report and Recommendation, Petitioner asserts that his argument pertains to "'factual predicates'...that the prior habeas judgment was procured through defective procedures, which rendered the prior habeas proceeding 'inadequate' to vindicate Petitioner's fundamental rights." However, as the Supreme Court has stated,

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction– even claims couched in the language of a true Rule 60(b) motion– circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."

*Gonzalez*, 125 S. Ct at 2647.

Additionally, the Supreme Court stated, "...[it] is entirely consonant ...that a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated *as a successive habeas petition* (emphasis added.) Because Petitioner seeks to revisit the merits of his claim, based on *Gonzalez* and 28 U.S.C. § 2244(b)(3)(A), he must seek authorization to file the motion from the Sixth Circuit Court of Appeals.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Wallace Capel, Jr. **[Docket No. 64]** dated May 17, 2005, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law, in addition to this Court's analysis above.

IT IS FURTHER ORDERED that Petitioner's Motion to Reopen His Rule 60(b) Motion for Relief from Judgment **[Docket No. 57, filed on February 1, 2005]** is DENIED without prejudice pending review by the Sixth Circuit Court of Appeals.

IT IS FURTHER ORDERED that the Clerk transfer Petitioner's Motion to Reopen His Rule 60(b) Motion for Relief from Judgment to the Sixth Circuit Court of Appeals forthwith.


s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: August 12, 2005